HOOKE *vs.* HOOKE ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

In the term *curator ad hoc,* the word *negotium* is understood; as the word *litem* would be if the term *curator ad hoc* were used.

Owners of undivided parts of an estate, have at all times the right of requiring a partition; and no exception exists with regard to minors.

Proceedings in suits of partition are now conducted according to the rules prescribed by the *Code of Practice* and the *acts of the legislature,* since the great repealing act of 1828.

This case came on to be heard on the second appeal. For a statement of the facts of the case and the judgment of the Supreme Court, reversing that of the Court of Probates, on a plea to its jurisdiction, remanding the cause for further proceedings, *see ante,* 420.

After the case was remanded it was tried on its merits, and a judgment of the inferior court rendered in favor of the plaintiff, and referring the parties to Felix Grima, Esq., a notary public in the city of New-Orleans, to continue the proceedings of the partition.

From this judgment the curator *ad hoc* appealed.

*I. W. Smith,* for the plaintiff and appellee, contended that:

1. The terms *curator ad hoc* and *curator ad litem* are used as synonymous in our Codes. By the rules of etymology, they refer to the same thing. But if this view be erroneous, the term employed in this action, to wit, *curator ad hoc,* is that which is found in the Code of Practice. *Code of Practice,* 116, 924.

2. The necessity for a family meeting is not made apparent in the proceedings which have taken place in this action. The right to a partition being given by the *Louisi-*

*ana Code* in *all* cases, it is not to be impaired by a want of the useless formality of a family meeting, to *deliberate* on that which the law has previously *decided.*

3. The rules in relation to family meetings in cases like the present, are found only in the *Louisiana Code.* This Code *quoad* its rules of proceeding not found in the *Code of Practice,* was abrogated by the repealing act of 1828. The rules as to family meetings, are rules of proceeding in the action for a partition; the *Code of Practice* has no provision applicable to the case, and the Supreme Court will not, by a latitude in construing legislative enactments, increase the existing difficulties in the way of disposing of the property of minors. *Acts of* 1828, *p.* 160, *sec.* 25. *Code of Practice,* 964. 2. *Martin, N. S.,* 79, *Agaisse et al.* vs. *Guerdon.*

*Hennen, contra.*

MARTIN, J., delivered the opinion of the court.

This case was lately remanded from this court on the reversal of a judgment by which the Court of Probates had sustained a plea to its jurisdiction.

On the return of the case the Court of Probates ordered the partition which the plaintiffs had prayed for, and the defendants are now appellants from a judgment of which they complain, merely because the court disregarded the two followinging exceptions:

1. The defendants being minors, ought to have had a curator *ad litem* appointed to them, and the curator *ad hoc* was improperly given to them.

2. No family meeting is prayed for, and the court ought not to have proceeded without the opinion of a family meeting on the expediency of the partition.

It does not appear that the first judge erred in overruling either of these exceptions.

I. In the terms curator *ad hoc,* the word *negotium* is understood, as the word *litem* would be if the terms curator *ad hoc*

In the term
curator *ad hoc,*
the word *negoti-
um* is understood;

EASTERN DIS.
May, 1834.

Owners of undivided parts of an estate, have at all times the right of requiring a partition, and no exception exists in regard to minors.

were used. These terms are synonymous, and all so used in the *Code of Practice*, 116, 964.

II. Owners of undivided parts of an estate, have at all times the right of requiring a partition, and we are not acquainted with any exception to this principle in regard to minors. Proceedings in a suit for partition are now conducted according to the *Code of Practice*, and the *Acts of the Legislature*, passed since the great repealing act of 1828. Neither the Code nor any of these acts require the intervention of a family meeting for the partition of estates, in which minors are interested. We do not mean to say, because it would be unnecessary in the present case, whether if a licitation was necessary to effect a partition, the sale could or could not take place without the call of a family meeting.

It is therefore ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.