JAMES C. SAVAGE et al. *v.* JOSEPH S. WILLIAMS.

Where the decree of the court recognizes the necessity of a sale of the property of an intestate, to pay debts due by his succession, and the purchaser is in good faith, his title cannot be questioned, although the debts might have been paid by the future revenues of the crops.

In an action for the partition of the effects of an ordinary partnership, brought by the surviving partner as administrator, where the deceased has left minor heirs, they cannot properly be represented by an attorney for absent heirs, and it is not competent for such administrator and attorney, without other parties, to obtain a valid decree for a partition, and they are not proper parties to represent the succession in a sale to effect such partition.

The administrator has the right to apply in good faith for the sale of property to pay debts, but he has no right to incumber such sale, by requiring the purchaser to buy other property than that of the deceased, nor to demand a larger proportion of cash than the wants of the succession may require ; and if he, himself, become the purchaser at such a sale, it cannot be maintained.

Where the surviving partner in an ordinary partnership, is the administrator of the deceased partner's succession, he has the capacity, by the express provisions of the Act of 1854, to purchase at a succession sale of his effects.

Where property has been sold by an administrator, and for want of proper parties the sale is rescinded, it cannot be taken from the administrator; but must be left in his hands to be administered according to law.

Where the representative of a succession claims a partition of property in which minors are interested as benificiary heirs, whether residents or non-residents, they should be made parties or represented according to the rules prescribed for partitions.

APPEAL from the District Court of the Parish of Lafourche, *Roman, J.*
*Michel & Koontz,* for plaintiffs and appellants. *Benjamin, Bradford & Finney, Bush, Beatty & Allain, A. Beatty* and *C. Belcher,* for defendants.

MERRICK, C. J. *James Savage,* deceased, the father of the plaintiffs, and a resident of Alabama, and the defendant, *Joseph S. Williams,* were jointly interested in an agricultural partnership in this State.

On the death of *James Savage, Williams* obtained letters of administration on the estate of his deceased partner, and having had an attorney appointed to represent the absent heirs, he filed his petition for a partition of the common property, and the sale of the other property of the succession, to pay debts.

The whole partnership property was sold *in globo* to the administrator, at its appraisement. The six slaves, the separate property of the deceased, were sold in the same manner, to one *Jas. B. Mobely,* and the next day transferred to the defendant, *Williams.*

This suit has been brought to rescind the sale on several grounds. We shall proceed to notice those mentioned in plaintiffs and appellants' brief, in the order in which they are presented.

I. It is objected, that at the time the administrator applied for the sale, there were no debts, and no necessity for the sale of the property.

So far as this question affects the sale of the six slaves, the separate property of the intestate, we are of the opinion, that where the decree of the court recognizes the necessity of the sale, and the purchaser is in good faith, his title cannot be questioned, although the debts might have been paid by the future revenues of the crops. But in this case the District Judge was satisfied of the existence of debts.

II. It is contended, that if the sale be considered as ordered in the action of partition, the proceedings are irregular and illegal ; that *Williams* could not bring the action as [administrator, and that *Mr. Hall,* attorney for the absent

heirs, could not stand in judgment to represent the minors. This point presents the real difficulty of the case.

*Williams* and the deceased were ordinary partners. The action of partition was the *communi dividundo* and not the *familiæ erciscundæ.*

The petition of the sale of the property held in partnership, describes *Williams* as administrator, and states that : " Petitioner claims a partition of said partnership effects, and avers that a partition in kind cannot be effected, as said effects cannot be conveniently divided, as diminution in value, loss and inconvenience, would thence result to all parties interested."

In another place he says, the common property " should, for the purposes aforesaid, and *as required by them*, be sold for cash, $40,000, the purchaser to assume the debt due the Bank of Louisiana, of $42,500, and interest payable according to the terms and conditions of the loan, and the residue on a credit of one, two, three, four and five years."

It would thus seem, that the action was realy intended as an action of partition.

It then becomes important to consider whether it was properly brought.

Were it not for other provisions of the Code and the adjudications, we might suppose that the attorney for the absent heirs could stand in judgment in a proceeding where the administrator was personally interested, to demand a partition of property held in common with the intestate. See C. C. 1204, 1213, 1654, 1655.

But it seems, a partition cannot be demanded except all parties in interest, are parties to the suit, and properly represented. 17 La. 346 ; 4 An. 56 and 260.

In the case of *Hooke* v. *Hooke et al.*, it seems to be conceded that a *curator ad hoc* might represent the absent minor. 6 La. 472. And it was contended in the case of *Berluchaux* v. *Berluchaux*, 7 La. 544, where it is held that a tutor *ad bona*, was a proper party under Art. 1092 C. C.

The Act of 16th of February, 1825, relative to the action *communi dividundo*, provided expressly that a curator *ad hoc* should be appointed for such defendants as may be minors or absent persons, and that the person so appointed, should defend the suit. 2 Moreau, page 296, sections 3 and 4. Arts. 295 C. C. and 115 and 116 Code of Practice, seem also to indicate a curator *ad hoc* or *ad lites*, as the proper person to represent the absentees, while 1252, 1266 and 1299, presuppose a tutor has been made a party where the minors are not emancipated.

Article 1092 C. C., already cited, speaking of vacant and intestate successions, says : If the heirs who are absent be minors, the appointment of a curator of absent heirs does not take place, and the succession is administered by the *tutor or curator ad bona*, who must be appointed for the minor according to law and the modification established in the section relating to the benefit of inventory.

Article 115 C. P., speaking of persons against whom actions may be brought, says generally : " If the minor be absent, the suit must be brought against his curator *ad lites*, who shall answer both in his own name, and that of the minor."

So Art. 946 : "If the father and mother of a minor reside out of the State, and are not represented in it, and the minor be also absent, he may be provided with a tutor or curator by the Judge of Probates of the place where he has interests to assert or defend."

Art 963 provides for the appointment of curators of absent persons.

SAVAGE
*v.*
WILLIAMS.

The next Article, viz, 964, says : " The above provisions shall not be so construed as to prevent persons having claims against *a minor*, or a person absent, from pursuing the same previous to a curator or tutor having been appointed as above prescribed ; but in such cases, the person so claiming must, in his *petition*, pray the court to which it is addressed, to appoint a *tutor or curator ad hoc* to defend the minor or absent person in the action." See also Code of Practice, Arts. 194 and 195.

Now, in the action of partition, the rights of the parties are adverse to each other ; one may wish and have a right to sell for cash, as the plaintiff did in this case. Others may desire a sale on time, and it is for the District Judge to order the sale where there are minors, on the advice of a family meeting, accordingly. C. C. 1263, 1264, 1265.

Minors may also be authorized by a family meeting to purchase. Then the accounts are to be stated, deductions made, and the lots to be drawn. It does not seem to be within the duties of the attorney appointed to represent the absent heirs, when a curator of a vacant estate or administrator is appointed, to attend to these duties. Neither does it seem to us competent *for the administrator and such attorney, without other parties* in the same proceeding, to obtain a valid decree for a *partition ;* and if not, then there were not the proper parties to represent the succession for *the sale to effect a partition*, for such sale is but an incident of the partition.

Again : if it be said that notwithstanding the language of the petition, it was really a proceeding to pay debts, and, therefore, the administrator had authority to apply to sell for such a purpose, and a sale thus made must be protected by the decree, it may be successfully answered. If is true, the administrator has the right to apply in good faith for the sale of property to pay debts, but he has no right to incumber such sale by requiring the purchaser to buy other property than that of the intestate, nor *to demand* a larger proportion of cash than the wants of the succession may require. As a partner in a suit for a partition, with proper parties, *Williams* had the right to require $40,000 in cash, if his interest in the property amounted to so much, and also that the whole property should be sold, if it could not be divided in kind. But as *administrator*, he had no such right. If there were not otherwise sufficient funds to pay debts, it was his duty to sell the undivided interest of the deceased partner in the plantation and slaves, for such terms as would, while paying the debts, be most advantageous to the estate. And in this case, had it even been required that so large a sum as $20,000 should be raised in cash on behalf of the estate, it might be assumed as probable, that there might have been found a much larger number of bidders, with $20,000 in cash on hand, than were present at the sale with $40,000, and more persons might be supposed ready to buy an estate estimated at fifty thousand dollars, than at one hundred thousand dollars, and thus a greater competition would have been produced. It is possible, if this course had been pursued, that the administrator would not have found an opportunity of selling the undivided half the estate purchased, at an advance of $8,315.

Viewed as a partition, as alleged by defendant, the proceeding cannot be maintained for want of parties.

Viewed as a succession sale, it cannot be maintained in the hands of the administrator as purchaser, because he could not embarrass and prejudice the same, by imposing the condition that *his own property* should be sold with that of the succession, and that $40,000 of the price should be cash.

We have looked into the act of sale from the defendant, *Williams*, to *Britton*, and do not find that the former undertook to sell the particular one undivided half of the plantation, slaves, &c., which he had acquired at probate sale, but an undivided half thereof. As he was the owner in his own right, of one undivided half, there is no reason to disturb *Britton* in the possession of the property acquired by him. The undivided half still in the hands of *Williams*, must be declared to belong to the *Succession of James Savage*, deceased.

III. This objection has been already considered.

IV. It is again urged, that the administrator, acting in a fiduciary capacity, could not buy property under his administration, at a sale provoked by himself. The Act of the Legislature passed a few days before this sale, removed the disability. The Act took effect from its passage. *Mr. Williams*, being a partner in " an ordinary partnership" with the deceased, had the capacity, by the express provisions of the Act to purchase. See Acts of 1854, p. 155.

If *Mr. Williams* were a member of the Legislature which passed this statute, as asserted, it would not deprive him of its benefit. It was the law of the land.

As he might have bought the six slaves himself, it is idle to inquire whether, as to them, *Mobely*, was or was not a person interposed.

The property in the six slaves, as already said, must be decreed to belong to the said *Williams* and his vendee, because the administrator had the capacity to purchase, and they were properly sold to pay debts.

The plaintiffs in this action, who sue to rescind said sale of the common property, cannot take the one undivided half of the same from the administrator, but it must be left in his hand, to be administered according to law ; and when he files his final account, he can be held to account for such revenues as may be due, and he can obtain payment or credit for all legal disbursements on account of the estate.

It is, therefore, ordered, adjudged and decreed by the court, that the plaintiff's demand for said six slaves named *Rosa, Amelia, Enoch, By, Jefferson*, and *Amanda*, be rejected, and the defendant and his vendee quieted in their title to the same ; and it is further ordered, adjudged and decreed, that the one undivided half of said plantation and slaves held in common between said *Joseph S. Williams* and said *James Savage*, deceased, and described in the inventory of his succession, be declared null and void, and that said undivided half be held to be still. in the hands of said *Joseph S. Williams* for administration, and he is hereby directed to administer upon the same according to law ; and it is further ordered, adjudged and decreed, that the suit be dismissed as to said *Francis Webb*, as in case of a nonsuit, and that there be judgment in favor of the succession of the said *Alvin S. Britton ;* and that said last mentioned succession and said *Webb* recover their costs; and it is further ordered, that the plaintiffs recover their costs against said *Joseph S. Williams* in both courts.

## SAME CASE—ON A RE-HEARING.

MERRICK, C. J. There is a petition for a re-hearing in this case.

It is urged, in substance, that the succession of *Savage* was vacant, and that the heirs were unknown ; that *Williams* was entitled to a partition, and yet, if the decision made by us is law, a partition could not take place, because a cura-

tor *ad hoc* could not be appointed to an heir whose name was unknown ; or if the partner did sue for a partition, and it turned out that the unknown heirs were majors, the proceedings would be valid ; if minors, null.

The question for our decision is not so much what is convenient or inconvenient in making a partition, as it is what is the law.

The Act of 1842, reënacted in 1855, declares that the successions of persons domiciled out of the State, leaving property in this State at their demise, shall be opened and administered upon as are those of the citizens of the State ; and the Judge before whom the succession shall be opened shall proceed to the appointment or confirmation of the officer to administer it under the name and in the manner pointed out by existing laws. Acts 1855, p. 398 ; Phillips' Dig. 539.

The Act of 1848, reënacted the same year, accepts for minors such successions as fall to them with the benefit of inventory, and such acceptance by operation of law is declared to be equivalent to a formal acceptance. See Acts 1855, p. 444, sec. 16 ; Phillips' Dig. 339.

In view of these two statutes, it is difficult to believe that the Legislature contemplated any distinction between resident or non-resident minor heirs. The succession is accepted with the benefit of inventory as to all.

It would then seem, that where the representative of a succession claims a partition of property in which minors are interested, as beneficiary heirs, adversely to them, they should be made parties or represented according to the rules prescribed for partitions.

As to the other matters argued in the petition for a re-hearing, we think they have been sufficiently considered.

Re-hearing refused.

---

### ORDER CORRECTING A CLERICAL ERROR IN DECREE.

MERRICK, C. J. Whereas in this case it is manifest that a clerical error has intervened in the decree in the omission of the words " said sale of," after the words " it is further ordered, adjudged and decreed, that the," and before the words " one undivided half of said plantation," &c.; it is ordered, that this, our explanation of said error, be certified with the decree.

LAND, J., absent.